IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOSEPH BOND,
    Petitioner,

vs.                                               Case No. 5:09cv255/SPM/EMT

WALTER A. McNEIL,
    Respondent.
_____/

## **REPORT AND RECOMMENDATION**

        This habeas corpus action brought pursuant to 28 U.S.C. § 2254 is before the court on Petitioner's "Motion for Final Judgement [sic] by Default" (Doc. 26), received by the clerk of court on February 11, 2010. Petitioner seeks a default judgment on the ground that Respondent has failed "to file or serve any papers in the action or otherwise plead" (*id.*).

        Initially, the basis for Petitioner's request for a default judgment is frivolous. On November 18, 2009, the court directed Respondent to file an answer to the second amended habeas petition within ninety (90) days, or on or before February 16, 2010 (*see* Doc. 21). On February 14, 2010, Respondent filed a motion for an extension of time within which to respond, and on February 16, 2010, the court granted Respondent's motion for extension of time, thereby extending the deadline to April 2, 2010 (Docs. 27, 28). Because Respondent has not failed to plead or otherwise defend this action within the time limitation established by the court, Petitioner is not entitled to a default judgment. *See* Fed. R. Civ. P. 55. Additionally, the Eleventh Circuit has held that default judgments are inappropriate in habeas corpus cases. Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987) ("[A] default judgment is not contemplated in habeas corpus cases. . . .").[1]

---

[1]Other circuits agree. *See, e.g.,* Lemons v. O'Sullivan, 54 F.3d 357, 364–65 (7th Cir. 1995) ("Default judgment is an extreme sanction that is disfavored in habeas corpus cases."); Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment."); Allen v. Perini, 424 F.2d 134, 138 (6th Cir. 1970) (concluding that default judgments are not available in habeas corpus proceedings, and that Federal Rule of Civil Procedure 55 pertaining to entry of default judgment is not applicable in habeas corpus cases).

Accordingly, it is respectfully **RECOMMENDED**:

That Petitioner's "Motion for Final Judgement [sic] by Default" (Doc. 26) be **DENIED**.

At Pensacola, Florida this 18th day of February 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**