IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOSEPH BOND,
    Petitioner,

vs.                                                       Case No. 5:09cv255/SPM/EMT

WALTER A. McNEIL,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

        This matter is before the court on Petitioner's second amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 19). Respondent filed a motion to dismiss with relevant portions of the state court record (Docs. 34, 35, 36). Petitioner responded in opposition to the motion to dismiss (Doc. 40).

        This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter. It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed for lack of jurisdiction

I.     BACKGROUND

        On December 10, 2004, Petitioner was charged by an information filed in the Circuit Court for Bay County, Florida, Case No. 04-02274, with ten (10) counts of burglary of a structure (Doc. 34 at 2; Doc. 35, Ex. B).[1] The same day, Petitioner was charged by an information filed in the same

---

[1] Each count was originally assigned an individual case number; however, the cases were consolidated into Case No. 04-02274 (*see* Doc. 35, Ex. B). The burglary offense dates were March 21, 2004, April 18, 2004, June 6, 2004, June 12, 2004, June 16, 2004, and June 23, 2004, and the victims were Mrs. June Fuller, Vacuum City, Main Street Consignment, Fat Jay's Restaurant, Sonic, the United States Post Office, Our Lady of the Rosary, Mr. Tony Benton, and

state court with three (3) counts of grand theft in Case No. 04-02275 and one count of burglary of a dwelling in Case No. 04-02302 (*id.*).[2] On January 11, 2005, Petitioner was charged by an amended information filed in the same state court with one count of burglary of a dwelling in Case No. 04-02278 (Doc. 36, Ex. T).[3] Petitioner was tried and found guilty as charged by a jury in Case No. 04-02278, and on January 26, 2005, he was adjudicated guilty and sentenced to fifteen (15) years of imprisonment, with pre-sentence jail credit of 210 days (Doc. 36, Exs. S, T). On February 9, 2005, Petitioner entered a plea of guilty, pursuant to a written plea agreement, to all fourteen (14) counts in Case Nos. 04-02274, 04-02275, and 04-02302 (Doc. 35, Exs. C, D). The same day, he was adjudicated guilty and sentenced to concurrent terms of five (5) years of imprisonment on each count, with pre-sentence jail credit of 224 days, to run concurrently with the sentence he was serving in Case No. 04-02278 (*id.*).

In the instant federal habeas action, Petitioner challenges the judgement of conviction and sentence imposing the multiple concurrent five-year sentences, rendered February 9, 2005, on the ground that his defense counsel performed ineffectively by failing to obtain results of DNA testing of evidence from the Florida Department of Law Enforcement (FDLE), which Petitioner claims would have exonerated him (Doc. 19). Petitioner submitted the FDLE test results with his habeas petition and reply brief (Docs. 19, 40). Respondent seeks dismissal of Petitioner's challenge to the judgment of conviction and sentence entered in Case Nos. 04-02274, 04, 02275, and 04-02302, on grounds of untimeliness and Petitioner's failure to satisfy the "in custody" requirement of Section 2254 (Doc. 34).

II.     ANALYSIS

---

Mr. Henry Sapp (*id.*)

[2] Each grand theft count was originally assigned an individual case number; however, the cases were consolidated into Case No. 04-02275 (*see* Doc. 35, Ex. B). The burglary offense dates were March 15, 2004, April 6, 2004, and April 16, 2004 (*id.*). The victim was the News Herald (*id.*). The offense date in Case No. 04-02302 was June 1, 2004, and the victim was Raylee R. Phillips (*id.*).

[3] The offense date was June 18, 2004, and the victim was Mrs. Mary Brown (*see* Doc. 36, Ex. T).

Case No. 5:09cv255/SPM/EMT

Section 2254 provides that a district court shall entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court . . ." 28 U.S.C. § 2254(a). In Maleng v. Cook, 490 U.S. 488, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989), the Supreme Court considered a situation in which a prisoner filed a Section 2254 petition listing as the "'conviction under attack'" a 1958 state conviction for which he had already served the entirety of his sentence. 490 U.S. at 489–90. The petitioner also alleged that the 1958 conviction had been "used illegally to enhance his 1978 state sentences," which he had not yet begun to serve because he was at that time in federal custody on an unrelated matter. *Id.* The Court determined that the petitioner was "in custody" on his 1978 sentences because the State had lodged a detainer against him with the federal authorities. *Id.* at 493. The Court held that the petitioner was not "in custody" on his 1958 conviction merely because that conviction had been used to enhance a subsequent sentence. *Id.* at 492. However, the Court acknowledged that because his § 2254 petition "[could] be read as asserting a challenge to the 1978 sentences, as enhanced by the allegedly invalid prior conviction, . . . respondent [the habeas petitioner] . . . satisfied the 'in custody' requirement for federal habeas jurisdiction." *Id.* at 493–94.

Similarly, in Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401–02, 121 S. Ct. 1567, 149 L. Ed. 2d 608 (2001), the habeas petitioner was currently serving a sentence for a 1990 conviction and alleged that his prior convictions in 1986, for which he was no longer serving a sentence, were unconstitutional and may have affected his current sentence. The Court held that the petitioner could not bring a federal habeas petition directed solely at the 1986 convictions. 532 U.S. at 401. However, his Section 2254 petition could be construed as asserting a challenge to the 1990 sentence which he was currently serving, on the ground that the current sentence was enhanced by the allegedly invalid prior conviction. *Id.* Therefore, the "in custody" requirement was satisfied. *Id.* at 402.

In the instant habeas action, Petitioner states he is challenging the judgment of conviction and sentence rendered February 9, 2005, imposing the multiple five-year concurrent sentences on several counts of burglary of a dwelling, burglary of a structure, and grand theft; Petitioner does not state he is challenging the judgment of conviction and sentence rendered January 26, 2005, imposing the fifteen-year sentence on the charge of burglary of a dwelling (*see* Doc. 19 at 1; *see also* Doc. 1

at 2; Doc. 9 at 1). Furthermore, in Petitioner's response to Respondent's motion to dismiss, Petitioner expressly states he is <u>not</u> challenging the fifteen-year sentence imposed on January 26, 2005, and is challenging only the multiple five-year sentences imposed on February 9, 2005 (Doc. 40 at 1). In light of Petitioner's express statement that he is not challenging the judgment of conviction and sentence imposing the fifteen-year sentence (Case No. 04-02278), the court will not expand Petitioner's pleadings to assert a challenge to that judgment, even under the liberal construction of pleadings afforded pro se litigants.[4] *See, e.g.*, Doubleday & Co., Inc. v. Curtis, 763 F.2d 495, 502 (2d Cir. 1985) ("Among the cardinal principles of our Anglo-American system of justice is the notion that the legal parameters of a given dispute are framed by the positions advanced by the adversaries, and may not be expanded *sua sponte* by the trial judge.").

Additionally, when Petitioner initiated this habeas action on July 26, 2009, all of the five-year sentences imposed on February 9, 2005, in Case Nos. 04-02274, 04-02275, and 04-02302, had expired; and Petitioner was only serving the fifteen-year sentence imposed on January 26, 2005, in Case No. 04-02278 (*see* Doc. 38). Petitioner does not allege that the fifteen-year sentence he was serving at the time he filed his Section 2254 petition was enhanced by any of the fourteen (14) convictions in Case Nos. 04-02274, 04-02275, and 04-02302 (Doc. 40 at 1). Furthermore, the record demonstrates that when the sentencing court adjudicated Petitioner guilty of burglary of a dwelling on January 26, 2005, in Case No. 04-02278, the court did not include in the computation of Petitioner's sentence any sentence points related to the additional offenses for which he had not been sentenced (*see* Doc. 34, Ex. S at 11–18, Ex. T).[5] In the absence of an allegation or indication that

---

[4] Further support for the conclusion that Petitioner is not challenging his conviction in Case No. 04-02278 is the fact that none of the FDLE reports on DNA testing, submitted by Petitioner in support of his sole habeas claim, concern evidence relating to the burglary of Mrs. Mary Brown's dwelling on June 18, 2004, which is the offense conduct underlying the charge in Case No. 04-02278 (*see* Doc. 19, attachments; Doc. 40, attachments). The FDLE reports concern evidence relating to the burglary of Mrs. Fuller on March 22, 2004, the burglary of Raylee Phillips on June 1, 2004, the burglary of Main Street Consignment on June 12, 2004, and the burglary of Sonic on June 16, 2004 (*id.*). This was the underlying offense conduct in Case Nos. 04-02274 and 04-02302 (Doc. 35, Ex. B).

[5] Petitioner was not sentenced in Case Nos. 04-02274, 04-02275, and 04-02302 until February 9, 2005.

any of the underlying convictions and expired five-year sentences which Petitioner now seeks to challenge was a necessary predicate to the sentence he was serving when he filed this habeas action (that is, the fifteen-year sentence imposed on January 26, 2005, in Case No. 04-02278), that any of the expired five-year sentences or underlying convictions was positively and demonstrably related to the fifteen-year sentence, or that the fifteen-year sentence was in any way enhanced or affected by any of the expired five-year sentences or underlying convictions, Petitioner cannot satisfy the "in custody" requirement of Section 2254. *See* Steverson v. Summers, 258 F.3d 520, 523 (6th Cir. 2001) ("Petitioner is not 'in custody' for the state convictions that his petition directly challenges. Accordingly, the district court correctly determined that it lacked subject matter jurisdiction to consider Petitioner's § 2254 petition."); *see also, e.g.,* Ridley v. Parsons, No. 5:09cv177/SPM/EMT, 2009 WL 4048347 (N.D. Fla. Nov. 19, 2009) (Ridley failed to satisfy "in custody" requirement of § 2254 where habeas petition challenged expired conviction, and Ridley made no showing that current sentence was enhanced by expired conviction); Siarkiewicz v. McNeil, 2009 WL 399430 (N.D. Fla. Feb. 18, 2009) (Siarkiewicz failed to satisfy "in custody" requirement of § 2254 as to convictions on three counts of four-count criminal judgment where sentences on three counts had expired, and sentences on those counts were not used to enhance sentence he was currently serving on fourth count); Sweet v. McNeil, No. 4:07cv295/SPM/WCS, 2008 WL 2313144 (N.D. Fla. June 3, 2008) (habeas petitioner, who received concurrent sentences on battery and burglary convictions, was no longer "in custody" on battery conviction because he had fully served that sentence; therefore, district court lacked subject matter jurisdiction over challenge to that conviction).[6] Accordingly, the instant petition must be dismissed for lack of jurisdiction.

III. CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court

---

[6] The undersigned cites Ridley, Siarkiewicz, and Sweet, *supra*, only as persuasive authority, recognizing that they are not binding precedent.

issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Petitioner's second amended habeas petition (Doc. 19) be **DISMISSED** for lack of jurisdiction.

2. That a certificate of appealability be **DENIED**.

At Pensacola, Florida this 27th day of August 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**